NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| TRANSTECH INDUSTRIES, INC., KIN-BUC, INC., and FILCREST REALTY, INC., | Hon. Harold A. Ackerman |
| Plaintiffs, | Civil Action No. 90-2578 (HAA) |
| v. | **OPINION & ORDER** |
| A & Z SEPTIC CLEAN, et al., |  |
| Defendants. |  |

James M. Andrews, Esq.
Blank Rome, LLP
Woodland Falls Corporate Park
210 Lake Drive East, Suite 200
Cherry Hill, New Jersey 08002
*Attorneys for Plaintiff Transtech Industries, Inc.*

Antoinette R. Stone, Esq.
Buchanan Ingersoll, PC
700 Alexander Park, Suite 300
Princeton, New Jersey 08540
*Attorneys for Defendant SCA Services, Inc. (n/k/a SC Holdings, Inc.)*

**ACKERMAN, Senior District Judge:**

  This matter comes before the Court on a motion by Defendant SCA Services, Inc. ("SCA") for an award of prejudgment interest on the arbitration award of February 14, 2004 which was confirmed in SCA's favor by this Court on October 25, 2005. Plaintiff Transtech Industries, Inc. ("Transtech") challenges SCA's motion. For the reasons outlined below, SCA's motion is GRANTED in part.

*Background*

The instant action arises out of the operation and subsequent remediation of the Kin-Buc Landfill. The relevant history and facts of this case have been recited in prior orders from this Court. *See, e.g.*, Order Confirming Arbitration Award, October 28, 2005. The parties executed a Settlement Agreement ("Agreement") to address the handling of insurance proceeds. The insurance proceeds were deposited by Transtech into an escrow account. The Agreement specified that should the parties be unable to calculate SCA's share, they would submit that issue to arbitration. The arbitrator awarded SCA a portion of the insurance proceeds, and this Court affirmed that award. SCA now seeks payment of prejudgment interest accrued on the escrow account. Transtech argues that pursuant to the Agreement, all interest gained on the escrowed insurance proceeds was to be paid to Transtech.

*Analysis*

SCA correctly states that this Court may exercise its discretion to award prejudgment interest in accordance with equitable principles. *Sulcov v. 2100 Linwood Owners, Inc.*, 696 A.2d 31, 43 (N.J. Super. Ct. App. Div. 1997). Transtech argues that the Settlement Agreement only provided for SCA to receive a portion of the escrowed insurance proceeds, and specified that Transtech would be the sole recipient of the interest accrued. The Agreement states that "[t]he Escrow Agent shall make payments of income earned on the escrowed property to [Transtech]." (Agreement at 5.) Transtech is correct in its interpretation of the Agreement, but this contractual provision regarding interest, by its terms, covers only the time period between the original deposit and the date of the arbitration award. Reading the contract as a whole, the Agreement

between the parties does not address the disbursement of interest accrued after arbitration but before judgment. Therefore, Transtech's argument does not address the elapsed time between the arbitration award and the present.

Once the arbitrator awarded funds to SCA, that amount and any interest accrued on those earmarked funds belonged to SCA. Therefore, Transtech must make payment to SCA for the use of those funds from the date of the arbitration award to the present. *See Sulcov*, 696 A.2d at 44. By moving to vacate the arbitration award, Transtech delayed SCA's use of funds belonging to SCA. Disbursement to SCA from the escrow account must include an amount for interest accrued on these funds from the date of the arbitration award to the present.

SCA argues that Transtech should be ordered to pay interest at a higher interest rate than was actually accrued. SCA has not demonstrated any bad faith or improper management of the escrow account by Transtech, and therefore it would be inequitable to order Transtech to pay an amount based on a higher rate of return than they it received. Although Transtech did direct the investment strategy of the escrow account, the money was in escrow and was not freely utilized by Transtech. While Transtech should not profit from interest accrued on the portion of the account that was due to SCA, neither shall SCA unduly benefit from an artificially high rate of return.

Applying equitable principles, SCA should receive the same ratio of the accrued interest from the date of the arbitration award as they received of the total funds. For example, if SCA was awarded 60% of the funds, they should receive 60% of the interest accrued. According to the formula as agreed on by the parties, SCA should receive Y, where

$$Y = \frac{\text{Net recoveries or } \$4{,}666{,}667 \text{ , whichever is less}}{\$4{,}666{,}667} * X$$

In this formula, X is the sum of the insurance proceeds originally deposited ($3,500,000) plus the increased value of the escrow account from the date of the arbitration award to the present, less fees and taxes.

### *Conclusion*

For the foregoing reasons, SCA's motion is GRANTED in part.  This Court ORDERS Transtech to remit the proper amount to SCA.  Transtech shall have fifteen (15) days from the date of this order to submit account statements for the escrow account for the period February 17, 2004 to the present, as well as a concise report, no longer than five (5) pages, clearly showing the increased value of the escrow account, the value of X as explained above, and the value of Y which is the final amount to be paid to SCA by Transtech.  SCA shall have fifteen (15) days to submit any response no longer than five (5) pages.

Dated: September 26, 2006
Newark, New Jersey

                                             s/ Harold A. Ackerman
                                             U.S.D.J.